# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MARVIN DONTRAIL BROOKINS                                   MOVANT/DEFENDANT

v.                                                               CRIMINAL ACTION NO. 3:05-CR-5-S

UNITED STATES OF AMERICA                                RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant, Marvin Dontrail Brookins, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 41). On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court directed Movant to show cause why his motion should not be denied and his action dismissed as barred by the applicable statute of limitations. Movant has responded (DN 53). For the following reasons, the Court will dismiss his § 2255 motion as time-barred.

The pertinent events in this case are as follows. Movant pleaded guilty to three counts of violating 21 U.S.C. § 841(a)(1): possession with intent to distribute 352.56 grams or more of cocaine (Count 1); possession with intent to distribute 80.442 grams or more of cocaine base (Count 2); and possession with intent to distribute 1,707 grams of marijuana (Count 3). He was sentenced to a total of 240 months in prison (240 months as to each of Counts 1 and 2, and 120 months as to Count 3, all to be served concurrently). The Judgment and Commitment Order in this case was entered on August 5, 2005 (DN 20). Movant did not appeal his conviction and sentence. On April 7, 2012, Movant filed the instant § 2255 motion.[1]

Under § 2255, a one-year limitation period applies. The statute provides as follows:

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

According to his motion, Movant believes that his motion is not time-barred because he filed his motion within one year of the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011). He argues that he is actually innocent of violating 21 U.S.C. § 841(a)(1) because under *DePierre* he is imprisoned for a nonexistent offense. In his response to the show cause Order, Movant again argues that the *DePierre* Court's interpretation of the statute makes the conduct charged in his indictment a "nonexistent offense, which renders him actually innocent." Movant asserts that this Court should hold that *DePierre* is retroactively applicable to his case.

First, as the Court explained in its Order to show cause, "*DePierre* is not retroactively applicable to cases on collateral review." *United States v. Crump*, Criminal No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). Therefore, that decision is not the genesis of a new one-year period for filing a § 2255 motion. Even if it were, it would offer no support to

Movant's claims.  In *DePierre*, the Supreme Court held that the term "cocaine base" in the federal drug statute means not just crack cocaine, but cocaine in its chemically basic form.  Thus, in *DePierre*, the text of former § 841(b)(1)(A)(ii), in which "50 grams or more of 'cocaine base' triggered a mandatory minimum 10–year sentence, did not simply encompass 'crack cocaine' but rather any form of cocaine in its 'basic form.'"  Here, in Count 2, Movant pleaded guilty to possession with intent to distribute 80.442 grams or more of cocaine base, which carried a mandatory minimum 20-year term.

Nor can Movant succeed in arguing that the one-year statute of limitations should not apply because he is actually innocent of the crime.  In order to succeed on a claim of actual innocence, Movant would have to show that no reasonable juror would convict him in light of new evidence not presented at trial.  *Basle v. United States*, 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Id.*  Movant does not argue that he is factually innocent of the crime.

For the foregoing reasons, the Court will by separate Order deny Movant's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date: July 17, 2012

                                                **Charles R. Simpson III, Judge**
                                                **United States District Court**

cc:      Movant/Defendant, *pro se*
          United States Attorney
4411.009